UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INN FOODS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MIDWEST FROZEN FOODS, INC.; ZAFAR IQBAL; and ATHAR SIDDIQ, <br><br> Defendants. | Case No.: <br> FILED: JUNE 10, 2008 <br> 08CV3343 <br> JUDGE HOLDERMAN <br> MAGISTRATE JUDGE VALDEZ <br><br> PH |

## CIVIL ACTION COMPLAINT

For its Complaint, Plaintiff respectfully states as follows:

### THE PARTIES

1. Plaintiff is Inn Foods, Inc. ("Inn Foods"), a California corporation with its principal place of business located at 310 Walker Street, Watsonville, California.

2. Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce.

3. Defendants are:

   a) Midwest Frozen Foods, Inc. (the "Debtor" or "Midwest Frozen Foods"). Upon information and belief, Midwest Frozen Foods is an Illinois corporation with its principal place of business located at 26 W 333 Saint Charles Road, Carol Stream, Illinois. Upon information and

  belief, the Debtor was and is at all times pertinent herein, a dealer and commission merchant subject to the provisions of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. § 499a-499q (the "PACA"); and

 b) Zafar Iqbal ("Iqbal") an individual, upon information and belief, is the Principal of the Debtor, and in that capacity controlled or was in a position to control the assets of the Debtor. Upon information and belief, Iqbal is a resident of Arlington Heights, Illinois.

 c) Athar Siddiq ("Siddiq") an individual, upon information and belief, is the Vice President of the Debtor, and in that capacity controlled or was in a position to control the assets of the Debtor. Upon information and belief, Siddiq is a resident of Carol Stream, Illinois.

4. Midwest Frozen Foods, Iqbal and Siddiq will be collectively referred to as "Defendants." Iqbal and Siddiq will be collectively at times referred to as the "Principals."

## JURISDICTION AND VENUE

5. The District Court has jurisdiction over this civil action arising under §5(c)(4) of the PACA, 7 U.S.C. §499e(c)(4), pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367(a).

6. Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and a substantial part of the property that is the subject of this action is situated in this

District.

## CLAIMS FOR RELIEF

### COUNT I.

### DEFENDANT MIDWEST FROZEN FOODS
### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
*7 U.S.C. § §499e(c)(3) and (4)*

7.      Plaintiff re-alleges ¶¶ 1 through 6 as if stated herein.

8.      At all times relevant to this action, Midwest Frozen Foods was a commission merchant, dealer or broker operating subject to the provisions of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§499a-499q (the "PACA").

9.      Between August 9, 2006 and February 7, 2007, Plaintiff sold to Midwest Frozen Foods in interstate commerce, and Midwest Frozen Foods purchased from Plaintiff, Produce in the total amount of $20,384.94.

10.     Plaintiff delivered the produce to Midwest Frozen Foods and Midwest Frozen Foods accepted the Produce from Plaintiff.

11.     Pursuant to PACA, 7 U.S.C. §499e(c), at the time of Midwest Frozen Foods's receipt of the Produce, Midwest Frozen Foods became trustee of the PACA trust for the benefit of Plaintiff in the amount of $20,384.94.  The PACA trust consists of all Midwest Frozen Foods' inventories of perishable agricultural commodities ("Produce"), food or products derived from Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets")

12. Plaintiff gave written notice of intent to preserve trust benefits to Midwest Frozen Foods in accordance with the PACA Amendments of 1995 by including the statutory trust language, as set forth in 7 U.S.C. §499e(c)(4), on each of its invoices and by sending those invoices to Midwest Frozen Foods.

13. Midwest Frozen Foods failed to pay for the Produce despite Plaintiff's repeated demands.

14. Pursuant to PACA 7 U.S.C. §499e(c), Plaintiff is an unpaid supplier and seller of Produce, and is entitled to PACA trust protection and payment from Midwest Frozen Foods's PACA Trust Assets.

15. Plaintiff seeks the entry of an Order declaring that it is a PACA trust beneficiary of Midwest Frozen Foods with a valid PACA trust claim in the amount of $20,384.94, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT II.

### DEFENDANT MIDWEST FROZEN FOODS ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
*7 U.S.C. §499e(c)(5)*

16. Plaintiff re-alleges ¶¶ 1 through 15 as if stated herein.

17. Midwest Frozen Foods is in possession, custody and control of PACA trust assets for the benefit of Plaintiff and other similarly situated PACA trust beneficiaries.

18. Midwest Frozen Foods failed to pay Plaintiff for the shipments of Produce listed above at ¶9 from the PACA trust assets.

19. As a direct result of Midwest Frozen Foods' failure to promptly pay Plaintiff, Plaintiff suffered damages that are covered under the PACA trust in the amount of $20,384.94, plus interest from the date each invoice became past due, costs and attorneys' fees.

20. Plaintiff seeks the entry of an Order directing Midwest Frozen Foods to immediately turn over to the Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $20,384.94, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT III.

### DEFENDANT MIDWEST FROZEN FOODS

**VIOLATION OF THE PACA: FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND**
*7 U.S.C. §499b(4)*

21. Plaintiff re-alleges ¶¶ 1 through 20 as if stated herein.

22. Midwest Frozen Foods received each of the shipments of Produce identified in ¶9 above.

23. Plaintiff properly preserved its trust benefits pursuant to 7 U.S.C. §499e(c)(4).

24. PACA requires Midwest Frozen Foods, as a PACA trustee, to hold its PACA Trust Assets in trust for the benefit of Plaintiff and all other unpaid suppliers of Produce until all such suppliers have received full payment.

25. Midwest Frozen Foods has failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims including Plaintiff's asserted herein.

26.     As a direct result of Midwest Frozen Foods' failure to properly maintain and protect the PACA trust assets from dissipation, Plaintiff has suffered damages which are covered under the PACA trust in the amount of $20,384.94, plus interest from the date each invoice became past due, costs and attorneys' fees.

27.     Plaintiff seeks entry of an Order creating a common fund from which all PACA trust beneficiaries may be paid by directing Midwest Frozen Foods to maintain PACA Trust Assets equal to the sum of $20,384.94, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA Trust claims, directing Midwest Frozen Foods to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Midwest Frozen Foods from dissipating PACA Trust Assets.

## COUNT IV.

### DEFENDANT MIDWEST FROZEN FOODS

### VIOLATION OF PACA: FAILURE TO PAY PROMPTLY
*7 U.S.C. §499b(4)*

28.     Plaintiff re-alleges ¶¶ 1 through 27 as if stated herein.

29.     Midwest Frozen Foods received each of the shipments of Produce identified in ¶9 above.

30.     PACA requires all commission merchants, dealers, or brokers to make full payment promptly to its unpaid suppliers of Produce within the time set forth by 7 C.F.R. §46.2(aa).

31.     Midwest Frozen Foods failed to pay these invoices within the payment

terms.

32.As a direct result of Midwest Frozen Foods' failure to pay for each invoice within terms, the Plaintiff has incurred damages in the amount of $20,384.94, plus interest from the date each invoice became past due, costs and attorneys' fees.

33.Plaintiff seeks entry of an Order directing Midwest Frozen Foods to immediately pay Plaintiff the sum of $20,384.94, plus interest from the date each invoice became past due, costs and attorneys' fees.

### COUNT V.

### DEFENDANT MIDWEST FROZEN FOODS
### BREACH OF CONTRACT

34.Plaintiff re-alleges ¶¶ 1 through 33 as if stated herein.

35.Plaintiff and Midwest Frozen Foods entered into contracts under which Plaintiff agreed to sell the Produce and Midwest Frozen Foods agreed to purchase the Produce, each of which is described in ¶9 above.

36.Midwest Frozen Foods breached its contracts with Plaintiff by failing to pay for each shipment of Produce.

37.As a direct result of Midwest Frozen Foods' breach of contract, the Plaintiff has incurred damages in the amount of $20,384.94, plus interest from the date each invoice became past due, costs and attorneys' fees.

38.Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against Midwest Frozen Foods in the amount of $20,384.94, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT VI.

## THE PRINCIPALS IQBAL AND SIDDIQ

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

39.     Plaintiff re-alleges ¶¶ 1 through 38 as if stated herein.

40.     At all times relevant to this action, the Principals were officers, directors, shareholders or employees of Midwest Frozen Foods.

41.     As the Principals of Midwest Frozen Foods, Iqbal and Siddiq each had a duty to ensure that Midwest Frozen Foods fulfilled its duties as a PACA trustee, and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as they became due.

42.     The Principals had full knowledge and responsibility for the handling of Midwest Frozen Foods's duties as trustee of the PACA trust.

43.     The Principals controlled or had a duty to control Midwest Frozen Foods' operations and financial dealings, including those involving the PACA Trust Assets.

44.     Midwest Frozen Foods breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

45.     The Principals breached their respective fiduciary duties to direct Midwest Frozen Foods to fulfill its duties as PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the Produce supplied by it to Midwest Frozen Foods.

46.     As a direct result of the Principals' respective breaches of fiduciary duty,

the Plaintiff has incurred damages in the amount of $20,384.94, plus interest from the date each invoice became past due, costs and attorneys' fees.

47. The Principals are personally liable to Plaintiff for their respective breaches of fiduciary duty in dissipating the PACA trust to the extent of $20,384.94 plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

48. Accordingly, Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against the Principals -- jointly and severally -- in the amount of $20,384.94, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT VII.

### DEFENDANTS IQBAL AND SIDDIQ

### CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

49. Plaintiff re-alleges ¶¶ 1 through 48 as if stated herein.

50. Upon information and belief, Midwest Frozen Foods transferred PACA Trust Assets to one or more of the Principals.

51. These transfers of PACA Trust Assets were made in breach of the PACA trust.

52. The Principals continue to hold any and all PACA Trust Assets having come into their respective individual possession as trustees for Plaintiff's beneficial interest in the PACA Trust.

53. As a direct result of Principals' receipt and retention of PACA Trust

Assets, the Plaintiff has incurred damages in the amount of $20,384.94, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

54. Accordingly, Plaintiff seeks entry of an Order requiring the Principals to disgorge and transfer any and all PACA Trust Assets that come into their possession and control to Plaintiff to the extent of $20,384.94, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

**FOR THESE REASONS,** Plaintiff respectfully requests the entry of an Order providing as follows:

A) As to Count I, declaring that Plaintiff is a PACA Trust beneficiary of Midwest Frozen Foods with a valid PACA trust claim in the amount of $20,384.94, plus interest from the date each invoice became past due, costs and attorneys' fees;

B) As to Count II, directing Midwest Frozen Foods to immediately turn over to the Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $20,384.94, plus interest from the date each invoice became past due, costs and attorneys' fees;

C) As to Count III, directing Midwest Frozen Foods to maintain PACA Trust Assets equal to the sum of $20,384.94, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA Trust claims, enjoining Midwest Frozen Foods from dissipating PACA Trust Assets and directing Midwest Frozen Foods to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims;

D) As to Count IV, directing Midwest Frozen Foods to immediately pay Plaintiff the sum of $20,384.94, plus interest from the date each invoice became past due, costs and attorneys' fees;

E) Enter Final Judgment in favor of Plaintiff and against Midwest Frozen Foods on Counts I through V, in the amount of $20,384.94, plus interest from the date each invoice became past due, costs and attorneys' fees;

F) As to Count VI, entering judgment in favor of Plaintiff and against the Principals -- jointly and severally -- in the amount of $20,384.94, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets;

G) As to Count VII, requiring the Principals to disgorge and transfer any and all PACA Trust Assets that came into their possession and control to Plaintiff in the amount of $20,384.94, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets;

H) Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Respectfully submitted on Monday, June 09, 2008.

**MEUERS LAW FIRM, P.L.**

/s/ Katy Koestner Esquivel
Katy Koestner Esquivel, Esq.
Illinois Bar No. 627009
5395 Park Central Court
Naples, FL 34109-5932
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
kesquivel@meuerslawfirm.com

Attorneys for Plaintiff